[No. 7,250.—Department One.]

MARTHA Q. SEXTON v. JOSEPH SEXTON.

EVIDENCE—HEARSAY.—Certain testimony, stated in the opinion, *held* to be hearsay.

APPEAL by the defendant from an order denying a new trial, in the Superior Court of Santa Barbara County. HEACOCK, J.

*A. Packard*, and *R. B. Canfield*, for Appellants.

*B. F. Thomas*, for Respondent.

McKINSTRY, J.:

The question being the insanity of the testator, respondent, being under examination as a witness, was asked by her counsel:

" Q.—Was Mr. Sexton ever treated for softening of the brain?

" A.—I have no means of knowing. Mr. Sexton had every indication of softening of the brain—so others said.

" Proponent here moved to strike out so much of this answer as referred to what was said by other persons, the same being hearsay, and therefore incompetent. The Court overruled the motion; and to this ruling proponent then and there excepted."

" Softening of the brain " is a disease, or an indication of a disease, of a physical organ, from which mental derangement *may* result. The existence of this disease is a *fact*, which may be proved to the satisfaction of a jury by evidence of " indications " or symptoms to which experts shall testify as indicating or tending to establish the existence of the fact. But whether certain symptoms prove the disease, is a matter which can be shown only by medical experts. Whether the " others " who said that testator had " every indication of softening of the brain " were experts, capable of expressing an opinion upon that subject, does not appear from the testimony of the witness; nor did she state the facts which, in her opinion or that of the others, constituted indications of the presence of the disease.

It is manifest that the testimony objected to was inadmissible for several reasons, including the reason that the evidence was " hearsay."

It is not necessary to consider the other alleged errors.

The order is reversed, and the cause remanded for a new trial.

ROSS, J., and McKEE, J., concurred.